David Sullivan (*pro hac vice pending*)
david.sullivan@reavescoley.com
**REAVESCOLEY PLLC**
Southeastern Virginia Office
505 Independence Pkwy, Suite 103
Chesapeake, VA 23320
Telephone: (757) 410-8066
Facsimile: (757) 410-8258
*Attorneys for Defendant Young Money APAA Sports and Entertainment*

JAY SMITH (SBN 166105)
jsmith@gslaw.org
JOSHUA ADAMS (SBN 261658)
jadams@gslaw.org
**GILBERT & SACKMAN**
**A Law Corporation**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010
Telephone: (323) 938-3000
Facsimile: (323) 937-3139
*Attorneys for Defendant Young Money APAA Sports and Entertainment*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FADDE MIKHAIL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DERRIUS GUICE, an individual; YOUNG MONEY APAA SPORTS AND ENTERTAINMENT, a Texas limited liability company; WESLEY SPENCER, an individual; ANDREW SIMMS, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:20-cv-03028 RSWL (JEMx)<br><br>District Judge Ronald S.W. Lew<br><br>**DEFENDANT'S REPLY MEMORARANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date: July 21, 2020<br>Time: 10:00 a.m.<br>Ctrm: TBD<br>Court: 255 E. Temple Street<br>Los Angeles, CA 90012 |

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION

# REPLY MEMORANDUM

## I. INTRODUCTION

Plaintiff Fadde Mikhail's opposition to Defendant's motion to dismiss for lack of personal jurisdiction argues that: (a) the motion to dismiss was not timely filed; (b) the Defendant failed to meet and confer; (c) the Defendant consented to personal jurisdiction through litigation decisions made by other defendants in this case; and (d) personal jurisdiction is appropriate according to relevant caselaw. Dkt. # 31, Page Id # 6-10. These arguments are without merit.

First, the motion to dismiss was timely filed. *See* Dkt. # 20 ("PROOF OF SERVICE Executed by Attorney for Plaintiff Fadde Mikhail, upon Defendant Young Money APAA Sports and Entertainment, served on 5/15/20, Answer due 6/5/20"). Second, it is acknowledged that Young Money APAA Sports and Entertainment ("YMAPAA") was not yet served or represented at the time of the meet and confer telephone conference on May 20, 2020. However, as Plaintiff notes in his opposition, counsel for the parties discussed personal jurisdiction over Spencer and Simms during that call, and counsel for Plaintiff insisted that any issues related to personal jurisdiction over the defendants must be litigated. Plaintiff's opposition to YMAPAA's motion to dismiss confirms this.

Plaintiff's third ground for his opposition to YMAPAA's motion is that, by not filing 12(b)(2) motions to dismiss for lack of personal jurisdiction, Spencer and Simms "consented" to personal jurisdiction on behalf of YMAPAA. This argument is absurd on its face, as only YMAPAA can consent to the jurisdiction of a court over YMAPAA.

Finally, Plaintiff's argument that this Court's exercise of personal jurisdiction over YMAPAA is appropriate according to relevant caselaw must fail, because it is based entirely on conclusory allegations and unsupported assertions of fact. Mikhail's

troublesome account of the facts begins on the first page of his introduction to his opposition, where he restates his claim that the "loans" at issue in this case and memorialized by the Promissory Note began before Mikhail entered into the Standard Representation Agreement with Defendant Derrius Guice.  As set forth in Defendants' Reply in Support of Motion to Dismiss and Compel Arbitration, Mikhail testified under oath during the arbitration proceedings to a different set of facts.  Mikhail's conclusory and unsupported allegations do not establish that YMAPAA is subject to the personal jurisdiction of this Court.

## II.     ARGUMENT

The Declaration of Mikhail's counsel alleges that YMAPAA's website lists ten clients of YMAPAA who "are players for California based teams."  Dkt. # 31-2, Page Id # 3.  The declaration also states that YMAPAA's website is divided into "rosters" of clients by various sports, "of which there are also California based individuals and companies." *Id*.  Plaintiff Mikhail's declaration alleges that he saw agents of YMAPAA at "many college and professional football games over the past four years in the State of California …" and concludes that they were "at these games to recruit new players or support the ones signed to them." Dkt. # 31-5, Page Id # 4.

Even if true, these allegations are insufficient to establish this Court's general jurisdiction over YMAPAA, as they do not amount to "minimum contacts" such that the exercise of such jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotation marks and citation omitted). Specific jurisdiction is also inappropriate, as none of the acts alleged in the Complaint attributed to YMAPAA or its athlete-agents are alleged to have been carried out in California. (Gontard Decl. ¶ 10).

As set forth more fully in the memorandum in support of YMAPAA's motion, the Supreme Court has held that the "paradigm forums" for the exercise of general jurisdiction are an individual's domicile and a corporation's place of incorporation and principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011); *see Daimler AG v. Bauman*, 571 U.S. 117, 134, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014). This is in contrast to specific jurisdiction, which "exists when a case arises out of or relates to the defendant's contacts with the forum." *Ranza*, 793 F.3d at 1068 (quotations and citations omitted). It "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*.

    **A.**    **Mikhail's Declaration and Counsel's Declaration do not support the exercise of general jurisdiction.**

For general jurisdiction to exist over a nonresident defendant such as YMAPAA, the defendant must engage in "continuous and systematic general business contacts," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (*citing Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952)), that "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000). This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world. *See Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir.1986).

Nothing in the declarations submitted by Mikhail in opposition to YMAPAA's motion establishes that YMAPAA negotiated a single contract in the State of California, solicited or procured a single client in California, or engaged in any activity

other than attending sporting events. Of course, these allegations do not establish that YMAPAA has engaged in any continuous or systematic general business contacts within the State of California, let alone such contacts to approximate physical presence. *See, e.g., Helicopteros*, 466 U.S. at 416, 104 S.Ct. at 1873 (no jurisdiction over foreign corporation that sent officer to forum for one negotiating session, accepted checks drawn on a forum bank, purchased equipment from the forum, and sent personnel to the forum to be trained); *Cubbage v. Merchent*, 744 F.2d 665, 667–68 (9th Cir.1984), (no jurisdiction over doctors despite significant numbers of patients in forum, use of forum's state medical insurance system and telephone directory listing that reached forum); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330–31 (9th Cir.1984) (no jurisdiction over defendants despite several visits and purchases in forum, solicitation of contract in forum which included choice of law provision favoring forum, and extensive communication with forum); *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1243 (9th Cir.1984) (developing sales force in forum state insufficient).

### B. There are no alleged facts on which to exercise specific jurisdiction over YMAPAA in this case.

If a nonresident defendant has sufficient "minimum contacts" with California arising from, or related to, the claims at issue in the litigation, the forum may assert specific personal jurisdiction. The declarations submitted by Mikhail in opposition to YMAPAA's Motion to Dismiss do not establish any facts pertaining to minimum contacts with California relating to the claims at issue in the litigation.

### III. CONCLUSION

For the above stated reasons, and the reasons stated in the Motion to Dismiss for Lack of Personal Jurisdiction, Young Money APAA Sports and Entertainment,

LLC, respectfully requests that the Court dismiss the Complaint against it in its entirety, with prejudice.

Dated: July 7, 2020.    **GILBERT & SACKMAN**
A Law Corporation

By: /s/Jay Smith
    Jay Smith
    *Attorneys for Defendant Young Money APAA Sports and Entertainment*

5
DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION